THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LARRY ROSS HARMON,<br><br>         Plaintiff,<br><br>v.<br><br>WARDEN NELSON et al.,<br><br>         Defendants. | **MEMORANDUM DECISION<br>& ORDER TO SHOW CAUSE WHY<br>CASE SHOULD NOT BE DISMISSED<br>FOR FAILURE TO CURE<br>DEFICIENT COMPLAINT**<br><br>Case No. 4:20-CV-121-DN<br><br>District Judge David Nuffer |

Plaintiff, Larry Ross Harmon, brings this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2023),[1] *in forma pauperis*, *see* 28 *id.* § 1915. Having screened the Complaint, (ECF No. 6), under its statutory review authority,[2] on February 28, 2022, the Court ordered Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims. (ECF No. 19.)

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** . . ., subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2021).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

Plaintiff has never filed an amended complaint, instead moving again for appointed counsel, though the Court already denied him appointed counsel in the past. (ECF No. 5, 21.) Thus, in this Order to Show Cause, the Court repeats its past orders and guidance to Plaintiff.

## COMPLAINT'S DEFICIENCIES (REPEATED)

The Complaint:

**(a)** appears to inappropriately allege civil-rights violations on respondeat-superior theory--i.e., supervisor liability (e.g., Warden Nelson). *See* (4) on page 5.

**(b)** does not attempt names or detailed description of John Doe defendants to give the Court a chance to identify them--e.g., names, nicknames, titles, physical descriptions, dates and times of John Doe activities.

**(c)** does not adequately affirmatively link defendants to allegations of civil-rights violations. (See below.)

**(d)** needs clarification on how to adequately state claim of inadequate medical treatment. (See below.)

**(e)** lacks recognition that negligence is not federal claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding "inadvertent failure to provide adequate medical care" or "medical malpractice does not become a constitutional violation merely because the victim is a prisoner," but instead claim may be alleged properly only by alleging "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs").

**(f)** appears to be supplemented piecemeal with letters and exhibits--filed after the Complaint--possibly referring to potential defendants and information. *See* (1) on page 3-4.

## GUIDANCE FOR PLAINTIFF (REPEATED)

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of

---

28 U.S.C.S. § 1915A (2023).

what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint: (1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or any other document outside the complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original); *McKnight v. Douglas Cty. Corr. Facility*, No. 21-3030-SAC, 2021 U.S. Dist. LEXIS 118659, at *7 n.1 (D. Kan. June 25, 2021) ("An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the original complaint.").

The amended complaint may also not be added to by any other document after it is filed without moving for amendment.[3] Instead, all claims and information must be included in an amended complaint, if one is filed. None of the material outside the complaint will be treated as additional claims or defendants by the Court.

(2) The complaint must (a) "name every defendant in the caption of the amended complaint," *McKnight*, 2021 U.S. Dist. LEXIS 118659, at *7 n.1 (citing Fed. R. Civ. P. 10 ("The title of the complaint must name all the parties . . . .")), and must (b) clearly state in the body of the complaint what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as closely as possible, specific locations, circumstances, and dates of alleged constitutional violations. *McKnight*, 2021 U.S. Dist. LEXIS 118659, at *7 n.1.

---

[3] The rule on amending a pleading reads:
    (a) Amendments Before Trial.
        (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
            (A) 21 days after serving it, or
            (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
        (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. P. 15.

(3) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Presented with such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(4) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(5) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(6) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2023). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

- **Affirmative Link – Personal Participation**

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal

> liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"[F]ailure to satisfy this requirement [of pleading personal participation by each defendant] will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

• **Inadequate Medical Treatment**

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . .if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

## ORDER

**IT IS HEREBY ORDERED** that:

**(1)** Plaintiff must within thirty days file a document entitled, "Amended Complaint." This would serve to **SHOW CAUSE** why this action should not be dismissed because of Plaintiff's failure to follow the Court's Order (ECF No. 19) to cure the Complaint's deficiencies noted above.

**(2)** The Clerk's Office shall again mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if Plaintiff wishes to pursue an amended complaint.

**(3)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(4)** Plaintiff *shall not* try to serve Amended Complaint on Defendants; instead, the Court will perform its screening function and determine itself whether the amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2023) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

**(5)** Plaintiff's second motion for appointed counsel, (ECF No. 21), is **DENIED**, for the same reasons stated in a prior order denying appointment of voluntary *pro bono* counsel, (ECF Nos. 3, 5). That past order stated, "[I]f, after the case is screened, it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear *pro bono* on Plaintiff's behalf." (ECF No. 5.) No further prompting is needed from Plaintiff.

DATED this 5th day of June, 2023.

BY THE COURT:

_____
JUDGE DAVID NUFFER
United States District Court